**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STANLEY B. SMITH, JR.,            :
                                  :
            Plaintiff,            :   Civil No. 07-1641 (JBS)
                                  :
      v.                          :
                                  :       **O P I N I O N**
THE STATE OF NEW JERSEY,          :
et al.,                           :
                                  :
            Defendants.           :
_____ :

**APPEARANCES**:

    STANLEY B. SMITH, JR., Plaintiff, pro se
    #144248
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**SIMANDLE**, District Judge

    Plaintiff, Stanley B. Smith, Jr. ("Smith"), currently confined at the Atlantic County Justice Facility at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, alleging violations of his constitutional rights. It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the Complaint without prepayment of fees. 28 U.S.C. § 1915(a), (b).

Having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should proceed in part.

## I.   BACKGROUND

Smith brings this action, pursuant to 42 U.S.C. § 1983, against the following named defendants: the State of New Jersey; the County of Atlantic; the Gerard L. Gormley Justice Facility ("Jail"); and Division Director Gary Merline.  (Complaint, Caption).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Smith states that he was assigned to the medical unit at the Jail on August 3, 2006, because he suffers from renal failure and congestive heart failure and requires frequent monitoring and care for his medical conditions.  However, on March 14, 2007, Smith was removed from the medical unit and placed in high security status based on a letter he wrote that was misinterpreted as threatening to the medical staff at the Jail.  Since March 14, 2007, Smith has not received necessary monitoring and treatment for his serious medical conditions, causing injury and harm to his health.

For instance, Smith has to receive dialysis treatment three times a week, and when he is returned to the Jail, his blood pressure often plummets to dangerously low readings. When this happened on several occasions, Smith had to be hospitalized because his condition was not taken seriously and treated promptly as it used to be when he was assigned to the medical unit. He also relates that when he was in the medical unit, there were times when the ports in his arm (for insertion of needles) would pop open and he would experience blood loss. The medical staff would quickly have plaintiff transported to the hospital for treatment of the blood loss. However, in his new high security assignment at the Jail, Smith complains that, if this happened again, he would likely bleed to death because there is no medical staff present to monitor his health status.

Consequently, Smith seeks his return to the medical unit. He alleges that the Jail's three-member board panel found plaintiff not guilty with respect to the threatening letter. Therefore, he argues that it was determined that he does not represent a threat, and he should be returned to the medical unit for proper monitoring of his serious medical conditions. At the very least, Smith suggests that he be placed in the isolated rooms on the left side of the medical unit if the jail officials consider him to be a threat. This would allow medical monitoring while at the same time afford stricter security, if needed.

Smith seeks $11 million in damages from each defendant. He further asks that his entire criminal record be expunged, that any charges currently pending or already adjudicated against him be dismissed, and that any and all fines and court costs paid and his driver's license be returned to him. (Compl., ¶ 5 "Relief").

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, where the plaintiff is proceeding in forma pauperis. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A .

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 and BIVENS LIABILITY

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 alleging violations of his constitutional rights under the Fifth and Fourteenth Amendments. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

A. Claims Against the State of New Jersey

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989)(neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983). Thus, Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

Therefore, this action will be dismissed in its entirety against the State of New Jersey.

B.  Claims Against the Jail Facility

Smith also brings this § 1983 action against the Jail, Gerard L. Gormley Justice Facility. The claims asserted against the Jail are subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39

(D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). Accordingly, the Complaint will be dismissed in its entirety against this defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C. Claims Against the County of Atlantic

Generally, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so

9

>     obvious, and the inadequacy of existing practice so
>     likely to result in the violation of constitutional
>     rights, that the policymaker can reasonably be said to
>     have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

Here, Smith generally asserts that Atlantic County should be held liable because the defendant director of the Jail, Gary Merline, is employed by Atlantic County, and therefore, Atlantic County is responsible for all policy decisions made by Mr. Merline. These allegations are plainly based on the principle of respondeat superior, and will be dismissed without prejudice accordingly, for failure to state a claim upon which relief may be granted at this time.[1]

D.  Claims Against Defendant Director Gary Merline

Smith alleges that, as Director of the Jail, Mr. Merline is responsible for providing safe and fair treatment to all inmates lodged at the Jail. Specifically, plaintiff states that "[i]t is Mr. Merline who directs, oversees and dictates every single policy within" the Jail. These allegations generally sound in a claim of supervisor liability, but plaintiff has alleged that he wrote to Mr. Merline several times to complain and nothing was

---

[1] This dismissal is without prejudice to plaintiff amending his Complaint, pursuant to Fed.R.Civ.P. 15, if he can allege facts sufficient to cure the deficiencies of his claim against Atlantic County, namely, factual allegations pertaining to actual involvement, knowledge, and/or acquiescence in the decisions made by Mr. Merline, or facts showing a custom or policy promulgated and implemented by the County.

done to return plaintiff to the medical unit for proper monitoring and care.  The Court finds that, on these facts as alleged in the Complaint, if true, Smith may be able to show that Mr. Merline had direct knowledge and personal involvement in the actions at issue with respect to plaintiff's denial/delay of medical care claim.

For pretrial detainees, like plaintiff,[2] denial of medical care claims are considered under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d at 158; Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See also Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, [441 U.S. 520

---

[2] It is not clear from the Complaint whether plaintiff is a pretrial detainee or a convicted prisoner awaiting sentencing. It would appear that plaintiff is likely a pretrial detainee; therefore, the Court will analyze Smith's claims accordingly.

(1979)]...; *i.e.* whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt....") (citing Hubbard, 399 F.3d at 158). In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. 399 F.3d at 165-67.

Here, Smith alleges that his removal from the medical unit has caused an inexcusable delay or denial of necessary medical treatment and monitoring for his serious medical conditions, despite his known diagnoses and plaintiff's numerous requests for return to the medical unit for proper and timely medical care. Plainly, this allegation, if true, may be excessive in relation to any stated purpose of jail security and administration, and a court may infer that it is intended as punishment. See Hubbard v. Taylor, 399 F.3d 150, 158-63 (3d Cir. 2005); Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa. 1993). In fact, plaintiff has alleged that he was absolved of any guilt with respect to the question of the allegedly threatening letter he wrote, and that even if he did pose a security threat, the medical unit has isolation cells for this purpose for the treatment and care of seriously ill inmates. Therefore, the Court will allow plaintiff's denial/delay of medical treatment claim to proceed at this time against defendant Gary Merline only.

E.   <u>Claim Seeking Expungement or Dismissal of Charges</u>

Finally, Smith asks that the Court expunge or dismiss all charges against him because of the unconstitutional treatment he has endured at the Jail.  This relief presumes plaintiff's immediate release from jail.  Consequently, plaintiff's request for relief is not cognizable under § 1983, but instead, should be raised in a habeas proceeding.

In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

Accordingly, plaintiff's claim for dismissal or expungement of the charges against him will be dismissed without prejudice.

## V.   CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint in its entirety, as against the defendants, the State of New Jersey, based on Eleventh Amendment immunity, and the Gerard L. Gormley Justice Facility and the County of Atlantic for failure to state a claim upon which relief may be granted.  As to the remaining defendant, Gary Merline, the Court will dismiss plaintiff's claim seeking dismissal or expungement of the charges against him, but the denial/delay of medical care claim will be allowed to proceed at this time.  An appropriate Order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

DATED:   **April 20, 2007**